1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL DODD,

11          Plaintiff,                         No. CIV S-11-1603 JAM EFB PS

12          vs.

13   FEDERAL HOME LOAN MORTGAGE
     CORPORATION;
14
            Defendant.                         <u>ORDER</u>
15   _____/

16          On December 19, 2011, the undersigned issued an order and findings and

17   recommendations herein, which recommended that plaintiff's complaint be dismissed in its

18   entirety with leave to amend.  Dckt. No. 22.  The assigned district judge has not yet adopted or

19   declined to adopt those findings and recommendations.  However, on January 4, 2012, plaintiff

20   filed a "Notice of Filing Bankruptcy," indicating that he has filed a voluntary Chapter 13

21   bankruptcy petition.  Dckt. No. 16; *see also* Dckt. No. 17.

22          Although plaintiff contends that as a result of his bankruptcy petition, this action should

23   be stayed pursuant to 11 U.S.C. § 362, "[t]he automatic stay does not apply to offensive actions

24   brought by a debtor."  *Gerth v. Am. Mortg. Exp. Fin.*, 2011 WL 1004693, at *2 (S.D. Cal. Mar.

25   18, 2011); *see also Dovgan v. Bank of America, N.A.*, 2011 WL 1885404 (E.D. Cal. May 13,

26   2011).  Nonetheless, because of the pending bankruptcy action, it appears plaintiff no longer has

1

1    standing to proceed in this action.  Upon a declaration of bankruptcy, all of the debtor's legal or

2    equitable interests in property become the property of the bankruptcy estate.  *Manlangit v. Nat'l*

3    *City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)).

4    This includes causes of action.  *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*,

5    789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D.

6    Haw. 1996) (holding claims under the Truth in Lending Act are included as an interest under

7    § 541(a)(1)).  Therefore, "a bankruptcy petitioner loses standing for any causes of action and the

8    estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims"

9    or the claims are exempt from the bankruptcy estate.  *Manlangit*, 2010 WL 2044687, at *1

10   (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th

11   Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

12          Plaintiff has not indicated that the bankruptcy trustee has abandoned the claims alleged

13   herein or that this action is exempt from or should be excluded from the bankruptcy estate.

14   Therefore, plaintiff and/or the bankruptcy trustee will be required to substitute or join the

15   bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements

16   of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to

17   prosecute in the name of the real party in interest until, after an objection, a reasonable time has

18   been allowed for the real party in interest to ratify, join, or be substituted into the action.  After

19   ratification, joinder, or substitution, the action proceeds as if it had been originally commenced

20   by the real party in interest.").  If plaintiff and the bankruptcy trustee fail to do so, the

21   undersigned will recommend that this action be dismissed with prejudice for failure to prosecute.

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.  On or before January 30, 2012, plaintiff and/or the bankruptcy trustee shall substitute

24   or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the

25   requirements of Federal Rule of Civil Procedure 17(a)(3).

26   ////

2.  If plaintiff and the bankruptcy trustee fail to comply with the Rule 17 requirements on or before January 30, 2012, the undersigned will recommend that this action be dismissed with prejudice for failure to prosecute.

3.  The Clerk of Court is directed to serve a copy of this order on the bankruptcy trustee, Jan P. Johnson, at P.O. Box 1708, Sacramento, CA 95812, and on the U.S. Trustee, Office of the U.S. Trustee, at 501 I Street, Room 7-500, Sacramento, CA 95814.

SO ORDERED.

Dated:  January 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE