IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL DODD,

    Plaintiff,

vs.

FEDERAL HOME LOAN MORTGAGE CORPORATION;

    Defendant.

No. CIV S-11-1603 JAM EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

On January 4, 2012, plaintiff filed a "Notice of Filing Bankruptcy," indicating that he has filed a voluntary Chapter 13 bankruptcy petition. Dckt. No. 16; *see also* Dckt. No. 17. Accordingly, on January 12, 2012, the undersigned issued an order stating that "because of the pending bankruptcy action, it appears plaintiff no longer has standing to proceed in this action. Upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property become the property of the bankruptcy estate."[1] Dckt. No. 18 at 1-2, citing *Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)).

---

[1] Prior to plaintiff's notice of bankruptcy, on December 19, 2011, the undersigned issued an order and findings and recommendations herein, which recommended that plaintiff's complaint be dismissed in its entirety with leave to amend. Dckt. No. 22. The assigned district judge has not yet adopted or declined to adopt those findings and recommendations.

1

This includes causes of action.  *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996) (holding claims under the Truth in Lending Act are included as an interest under § 541(a)(1)).  Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate.  *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

Because plaintiff had not indicated that the bankruptcy trustee has abandoned the claims alleged herein or that this action is exempt from or should be excluded from the bankruptcy estate., the undersigned ordered plaintiff and/or the bankruptcy trustee to substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").  The order provided that if plaintiff and the bankruptcy trustee failed to do so by the January 30, 2012 deadline set therein, the undersigned would recommend that this action be dismissed for failure to prosecute.  The deadline has since passed and neither the plaintiff nor the bankruptcy trustee has filed any response to the January 12, 2012 order.

Accordingly, it is ORDERED that the Clerk of Court shall serve a copy of these findings and recommendations on the bankruptcy trustee, Jan P. Johnson, at P.O. Box 1708, Sacramento, CA 95812, and on the U.S. Trustee, Office of the U.S. Trustee, at 501 I Street, Room 7-500, Sacramento, CA 95814.

////

////

1    Further, it is RECOMMENDED that this action be dismissed for failure to prosecute
2 pursuant to Federal Rule of Civil Procedure 17(a)(3) and due to plaintiff's lack of standing.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10   SO ORDERED.
11 DATED:  February 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE